Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*                                                                 Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JUSTIN SEIDEL** | : | No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **Jury Trial Demanded** |
| **BUENA BOROUGH POLICE DEPARTMENT** | : | |
| | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

## PRELIMINARY STATEMENT

Justin Seidel (the "Plaintiff"), by and through his counsel, brings this lawsuit against his employer, Buena Borough Police Department (the "Defendant") seeking all available relief under the Federal Fair Labor Standards Act for the willful failure to compensate the Plaintiff at the rate required by the aforementioned statute. Plaintiff is seeking, *inter alia,* payment for unpaid overtime in which the Defendant failed to pay him at a rate of one and one-half times his hour wage for all of the hours he worked in excess of 40. The following allegations are based on personal experience of the Plaintiff.

## I. JURISDICTION

1. This action is brought pursuant to Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*; and pursuant to 28 U.S.C. §1331.

## II. VENUE

2. All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey as the place in which the claims arose, and the place where Defendant resides.

3. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b).

## III. PARTIES

4. Plaintiff is a 27 year-old adult male who currently resides in Millville, New Jersey.

5. Defendant is a municipal entity located in Atlantic County, New Jersey, with an address of 616 Central Avenue, Minotola, NJ 08341.

## III. STATEMENT OF FACTS

6. Plaintiff has been employed by the Defendant since 2012 in the capacity of a police officer; specifically, he functions as a patrolman.

7. For the past 5 years, Plaintiff has had an official status with the Defendant as a "part-time" employee.

8. Plaintiff does not receive any benefits through the department, and is not a member of any union.

9. Plaintiff does not perform any management functions.

10. Plaintiff is not a party to any collective bargaining agreement.

11. At the time of his hire, Plaintiff earned $14.26 per hour.

12. Currently, Plaintiff is paid $15.14 per hour.

13. While officially a part-time employee, Plaintiff often times works as many hours per week as full-time officers.

14. On a weekly basis, Plaintiff frequently worked in excess of forty (40) hours.

15. Plaintiff's time is recorded using the Police Officer Scheduling System ("POSS"); his weekly hours can be verified through POSS.

16. Upon information and belief, each of Defendant's pay-period covers a fourteen (14) day interval of time.

17. Regardless of how many hours the Plaintiff works, he is compensated at his base hourly wage.

18. For all hours that Plaintiff works in excess of forty (40) in a given week, Defendant compensates him at his base hourly wage, or "straight time." That is, Defendant does not compensate Plaintiff at a rate of one and one-half times his hourly rate for the hours he works over forty (40).

19. At no point in his tenure with the Defendant has the Plaintiff ever received overtime compensation at a rate of one and one-half times his hourly wage, despite working numerous hours in excess of forty (40) per week.

20. On numerous occasions, Plaintiff has complained about Defendant's failure to pay him overtime compensation.

21. Plaintiff has complained to Cindi LoGuidice, Defendant's financial officer.

3

22. In addition, Plaintiff has voiced his complaints about being shorted on overtime pay to Sgt. Sam Martinelli.

23. Despite Plaintiff's complaints, Defendant failed to address his concerns.

24. Despite Plaintiff's complaints, he has not been paid at the rate of one and one-half times his hourly wage for the hours that he worked in excess of 40 per week.

25. At all relevant times herein, Plaintiff was employed by the Defendant.

## COUNT I
## VIOLATION OF THE FLSA (29 U.S.C. §§ 201 *et seq.*)

26. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

27. The FLSA requires an employer to pay an employee who works more than forty hours per week at a rate of one-and-one half times the employee's regular hourly rate for every hour over 40. 29 U.S.C. § 207.

28. The FLSA require employers to keep payroll records of the following: 1) hours worked per day; 2) total hours worked per week; 3) total daily or weekly straight-time earnings; and 4) total premium pay for overtime hours. See 29 C.F.R. § 516.2

29. The FLSA applies to government employees. Garcia v. San Antonio Metro. Transit. Auth., 469 U.S. 528 (1985).

30. Sovereign immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State. Alden v. Maine, 527 U.S. 706, 756 (1999).

4

31. "It is well settled that '[a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." <u>Mitchell v. Lancaster Milk Co.</u>, 185 F.Supp. 66, 70 (M.D. Pa.1960)

32. The FLSA mandates posting requirement for certain notices appraising employees of an employer's requirements under the FLSA.

33. Every employer with employees subject to the FLSA's minimum wage provisions shall post and keep posted a notice explaining the FLSA, in conspicuous places in every establishment where such employees are employed so as to permit them to readily observe a copy. 29 C.F.R. § 516.4.

34. An employer's failure to post a statutorily required notices under the FLSA tolls the running of any period of limitations. <u>Henchy v. City of Absecon</u>, 148 F.Supp.2d 435, 439 (D.N.J. 2001)

35. The Defendant failed compensate the Plaintiff a rate of one and one-half times his hourly wage for all of the hours that he worked above 40.

36. Defendant engaged in an intentional pattern, policy and practice of violating the FLSA.

37. The Defendant failed to post the required notices as mandated by the FLSA.

38. Defendant's violation of the FLSA has been willful and intentional.

39. The Plaintiff complained to Defendant about not being properly compensated for overtime.

40. Defendant ignored Plaintiff's complaints about unpaid overtime compensation.

41. The Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

42. The Defendant's violations of the FLSA were willful.

43. During all relevant times, Plaintiff was entitled to the FLSA protections.

44. Plaintiff has been economically damaged by Defendant's failure to pay overtime wages at a rate of one and one-half times his hourly wage.

WHEREFORE, Plaintiff seeks to recover such unpaid overtime, liquidated damages, prejudgment interest, negative tax consequence damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

Respectfully submitted,

By: /s *Franklin J. Rooks Jr.*

FJR5566
Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff, Justin Seidel*
Dated: March 3, 2017

## **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.


By: FJR5566

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jared A. Jacobson, Esq.
NJ Attorney ID: 022002005
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff, Justin Seidel*
Dated: March 1, 2017

Case 1:13-cv-01088-RBK-KMW Document 142 Filed 03/03/17 Page 7 of 7 PageID 2660

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Justin Seidel

**DEFENDANTS**
Buena Borough Police Department

**(b)** County of Residence of First Listed Plaintiff   Cumberland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Atlantic
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Franklin J Rooks Jr, Esq., Jacobson & Rooks LLC, 525 Route 73 North, Suite 104, Marlton, NJ 08053 (856) 874-8999

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question  *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. s201 et., seq.
Brief description of cause:
Violation of overtime requirements under FLSA

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*
JUDGE
DOCKET NUMBER

DATE   03/03/2017
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey ▾

Justin Seidel )
)
*Plaintiff* )
)
v. ) Civil Action No.
Buena Borough Police Department )
)
)
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Buena Borough Police Department
616 Central Avenue
Minotola, NJ 08341

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Franklin J. Rooks Jr., Esq.
Jacobson & Rooks, LLC
525 Route 73 North,
Suite 104
Marlton, NJ 08053
(856) 874-8999

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____  _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: